**Rainer W. KRISTINUS, Appellant,**

v.

**H. STERN COM. E IND. S. A., Appellee.**

**No. 584, Docket 79–7576.**

United States Court of Appeals, Second Circuit.

Argued Dec. 13, 1979.

Decided Jan. 24, 1980.

Edwin B. Barnett, Strong, Barnett, Hayes & Hamilton, Philadelphia, Pa. (Theodore Q. Childs, Farber & Childs, New York City, of counsel), for appellant.

Robert M. Milner, Bloom, Epstein, Wayne, Reiss & Milner, New York City, for appellee.

Before MULLIGAN, OAKES and GURFEIN,* Circuit Judges.

PER CURIAM:

This appeal is from the judgment of the United States District Court for the Southern District of New York, Morris B. Lasker, Judge, dismissing a complaint, by a jewelry buyer, appellant Kristinus, against the seller, appellee, H. Stern Co., seeking a return and refund for three purchased uncut gems. We reverse and remand to the district court for further trial and consideration of the evidence offered in addition to the testimony of the only two witnesses.

Judge Lasker, sitting without a jury, found that the appellant had failed to meet his burden of proof. The court properly focused on the breach of contract issue requiring that, for appellant to prevail, he would have to prove an express statement at the time of the sale regarding the appellee's agreement to permit unconditional return within one year, in accordance with its expressly advertised policy. But the burden of proof is simply that appellant must establish by a preponderance of the evidence that he is correct.

The district court found that appellant failed to carry his burden because "[h]is testimony and that of Herz [a vice-president of appellee, who handled the sale] are directly contradictory, but neither was less credible than the other." The district court further commented that appellant's wife's testimony would naturally be expected to corroborate her husband's story and there-

* Judge Gurfein heard the argument of this appeal on December 13, 1979, but died suddenly on December 16, 1979.

fore was of little value. What we find troublesome about the opinion is that it fails to characterize the persuasive effect or lack thereof of the other pieces of evidence in this case—the advertised return policy and an exchange of correspondence. A reading of the trial transcript clearly reveals that the judge was aware of the evidentiary value of these other· facts in the case, and he did mention some of this additional evidence in his introductory recitation of facts. Unfortunately, however, his holding fails to take these facts into account or to give them any weight in reaching his ultimate conclusion.

A review of the other evidence casts doubt on Herz's version of the story, although it does not necessarily confirm appellant's version either. Perhaps the strongest fact in appellant's favor, a fact at least mentioned in the opinion, is the Stern published advertising literature stating that "all sales . . . carry a one-year guarantee." There is no mention anywhere in the advertising of a special policy for unmounted or on consignment gems. Furthermore, not until 1975, more than one year after the sale, did appellee start describing on its sales receipts its "special policy" (not permitting return) for unmounted gems. Still another fact casting doubt on the existence of this special policy, and particularly on Herz's express statement about it to appellant, is the exchange of correspondence between H. Stern and appellant for over one year following the sale. H. Stern never once mentioned this special unmounted policy, either in letters from the New York office or those from H. Stern himself. In fact, appellant was consistently asked to provide a reason for wanting to return the stones. When he apparently supplied a reason—that he had received a low appraisal—H. Stern personally responded that "this is one of the few reasons which render our guarantee inapplicable." Such a "reason" is inconsistent with a general policy against return of uncut gems. To be sure, if the extrinsic evidence on balance tends to discredit Herz's story, it still does not necessarily support appellant's version. But it at least should be weighed by the trial judge.

We think it unlikely that, in considering all the evidence before him as well as any new evidence adduced, the judge will not find one of the two stories more credible. In any event, the judgment as it now stands must fall.

Reversed and remanded.